**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CONSOLIDATED TRANSACTION
PROCESSING LLC,

               Plaintiff,

    v.

OVERSTOCK.COM, INC.,

               Defendant.

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Consolidated Transaction Processing LLC ("CTP" or "Plaintiff"), for its

Complaint against Defendant Overstock.com, Inc., (referred to herein as "Overstock" or

"Defendant"), alleges the following:

## NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.   Plaintiff is a limited liability company organized under the laws of the State of

Nevada with a place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3.   Upon information and belief, Overstock is a Corporation organized and existing

under the laws of Delaware, USA, with a place of business at 6350 South 3000 East, Salt Lake

City, UT 84121, and can be served through its registered agent, The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Upon information and

belief, Overstock sells, offers to sell, and/or uses products and services throughout the United

States, including in this judicial district, and introduces infringing products and services into the

stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. §1400(b).  On information and belief, Overstock is incorporated in the State of Delaware.

7.      This Court has personal jurisdiction over Overstock under the laws of the State of Delaware, due at least to its substantial business in Delaware and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Delaware.  Further, this Court has personal jurisdiction and proper authority to exercise venue over Overstock because it is incorporated in Delaware and by doing so has purposely availed itself of the privileges and benefits of the laws of the States of Delaware.

## BACKGROUND

### The Inventions

8.      Robert S. Alvin is the inventor of U.S. Patent Nos. 8,374,956 ("the '956 patent"), 8,533,047 ("the '047 patent"), 8,775,255 ("the '255 patent"), 8,712,846 ("the '846 patent"), and 8,396,743 ("the '743 patent"), together the "patents in suit."

9.      A true and correct copy of the '956 patent is attached as Exhibit A.

10.     A true and correct copy of the '047 patent is attached as Exhibit B.

11.     A true and correct copy of the '255 patent is attached as Exhibit C.

12.     A true and correct copy of the '846 patent is attached as Exhibit D.

13.     A true and correct copy of the '743 patent is attached as Exhibit E.

14.     The patents in suit resulted from the pioneering efforts of Mr. Alvin (hereinafter

"the Inventor") in the area of electronic transaction processing over a communications network.

These efforts resulted in the development of methods and apparatuses for internet transactions

based on user-specific information and sending targeted product offerings based on personal

information in the late 1990s.  At the time of these pioneering efforts, most commercially

available electronic commerce (e-commerce) technology used the Internet and web pages as an

advertising medium to replace catalog or infomercial type advertising.  Moreover, such e-

commerce businesses operated by maintaining their own inventory in warehouses, leading to

higher costs.  The Inventor conceived of the inventions claimed in the patents in suit as a way to

create a virtual store front acting as a warehouse for distributors to avoid maintaining physical

stores and warehouses while maintaining such practices transparent to the customer.  (*See* '956

patent at 2:60-66; 3:5-11; 3:39-45.)

15.     For example, the Inventor developed methods and systems to obtain product data

for a plurality of products from a plurality of distributors, dynamically generate electronic

catalogs having user-specific product offerings based on customers' personal information, utilize

multi-level fraud checking system to provide a higher level of risk management in accepting

purchase orders for fulfillment, authorize distributors to ship products directly to customers, and

automatically provide customers information about their orders.  (*See* '956 patent at 3:39-67.)

**Advantage Over the Prior Art**

16.     The patented inventions disclosed in the patents in suit provides many advantages

over the prior art, and in particular improved the operations of business transactions conducted

over the Internet.  *See* '956 patent at 1:14-16.  One advantage of the patented inventions is creating a virtual store front functioning as a warehouse for inventory from a plurality of distributors, to avoid maintaining physical stores and warehouses.  (*See* '956 patent at 3:39-45.)

17.     Another advantage of the patented inventions is fully automated business transaction processing, including automatic generation of an electronic catalog, competitive pricing engine based on flexible rule-based algorithms, and automatic feedback to the customer. (*See* '956 patent at 3:63-67.)

18.     Another advantage of the patented inventions a multi-level fraud checking system that incorporates proprietary as well as commercially available fraud checking systems, thereby providing a higher level of risk management.  (*See* '956 patent at 3:57-62.)

19.     Because of these significant advantages that can be achieved through the use of the patented invention, CTP believes that the patents in suit present significant commercial value for companies like Overstock.  Indeed, business transactions over the Internet are more commonplace than ever, and with the number of merchants selling products online, it is crucial that businesses distinguish themselves by the extent of automation and user-specific customization they provide during the online shopping experience.  These advantages are taught by the inventions of the patents in suit.

### Technological Innovation

20.     The patented inventions disclosed in the patents in suit resolve technical problems related to Internet transactions based on user-specific information, particularly problems related to the utilization of product data from a plurality of distributors and personal information of customers in generating electronic catalogs of user-specific product offerings.  As the patents in suit explain, one of the limitations of the prior art as regards electronic transaction processing

technology was that most e-commerce retail businesses still operated by maintaining an inventory in warehouses, as they used the Internet mainly as an advertising medium and to replace catalog or infomercial type advertising.  (*See, e.g.*, '956 patent at 2:60-3:11.)

21.     The claims of the patents in suit do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the patents in suit recite inventive concepts that are deeply rooted in computerized transaction processing, advertising, and product offering technology, and overcome problems specifically arising out of how to create targeted advertising by dynamically generating electronic catalogs from a plurality of products based on a user's personal information.  The claims of the patents in suit further overcome problems specifically arising out of how to execute payment authorization and authorize distributor order execution, based on customer data, via a network and/or an internet website.

22.     In addition, the claims of the patents in suit recite inventive concepts that improve the functioning of electronic catalogs and payment authorization systems used for electronic transaction processing, particularly as they recite the use of a user's personal information to dynamically generate user-specific product offerings, authorize distributors to ship products directly to the user following successful payment processing, and send automated messages to customers containing order information.

23.     Moreover, the claims of the patents in suit recite inventive concepts that are not merely routine or conventional use of advertising, product offering, and transaction processing. Instead, the patented inventions disclosed in the patents in suit provide a new and novel solution to specific problems related to automating the process of targeted advertising, targeted product offering, and retail sales transaction processing by dynamically utilizing customer data and

product data. The claims of the patents in suit thus specify how customer data and product data are manipulated to yield a desired result.

24.     And finally, the patented invention disclosed in the patents in suit does not preempt all the ways that user-specific information may be used to improve internet transactions, nor do the patents in suit preempt any other well-known or prior art technology.

25.     Accordingly, the claims in the patents in suit recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,374,956

26.     The allegations set forth in the foregoing paragraphs 1 through 25 are incorporated into this First Claim for Relief.

27.     On February 12, 2013, the '956 patent, entitled "Internet Transactions Based on User-Specific Information" was duly and legally issued by the United States Patent and Trademark Office.

28.     CTP is the assignee and owner of the right, title and interest in and to the '956 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

29.     Upon information and belief, Overstock has and continues to directly infringe at least claims 1, 3, 4, 9, 10, 11, 13, 19, and 20 of the '956 patent by making, using, providing, and/or causing to be used products, specifically the Overstock.com website and Overstock Marketplace (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibits A-1 through A-2.

30.     The Accused Instrumentalities infringed and continue to infringe claims 1, 3, 4, 9, 10, 11, 13, 19, and 20 of the '956 patent during the pendency of the '956 patent.

31.     Overstock was made aware of the '956 patent and its infringement thereof at least as early as the filing of this Complaint.

32.     Upon information and belief, since at least the time of receiving this Complaint, Overstock has induced and continues to induce others to infringe at least claims 1, 3, 4, 9, 10, 11, 13, 19, and 20 of the '956 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Overstock's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 3, 4, 9, 10, 11, 13, 19, and 20 of the '956 patent.

33.     In particular, Overstock's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities.  On information and belief, Overstock has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Overstock has had actual knowledge of the '956 patent and that its acts were inducing infringement of the '956 patent since at least the time of receiving this Complaint.

34.     Upon information and belief, Overstock is liable as a contributory infringer of the '956 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States Internet business transaction technology to be especially made or adapted for use in an infringement of the '956 patent.  The Accused Instrumentalities are material components for use in practicing the '956 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

35.     On information and belief, Overstock's infringement has been and continues to be willful.

36.     CTP has been harmed by Overstock's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,533,047

37.     The allegations set forth in the foregoing paragraphs 1 through 36 are incorporated into this Second Claim for Relief.

38.     On September 10, 2013, the '047 patent, entitled "Internet Business Transaction Processor" was duly and legally issued by the United States Patent and Trademark Office.

39.     CTP is the assignee and owner of the right, title and interest in and to the '047 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

40.     Upon information and belief, Overstock has and continues to directly infringe at least claims 1, 2, 3, 5, 10, 11, 13, 16, and 18 of the '047 patent by making, using, providing, and/or causing to be used products, specifically the Overstock.com website and Overstock Marketplace (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibits B-1 through B-3.

41.     The Accused Instrumentalities infringed and continue to infringe claims 1, 2, 3, 5, 10, 11, 13, 16, and 18 of the '047 patent during the pendency of the '047 patent.

42.     Overstock was made aware of the '047 patent and its infringement thereof at least as early as the filing of this Complaint.

43.     Upon information and belief, since at least the time of receiving this Complaint, Overstock has induced and continues to induce others to infringe at least claims 1, 2, 3, 5, 10, 11, 13, 16, and 18 of the '047 patent under 35 U.S.C. § 271(b) by, among other things, and with

specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Overstock's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 5, 10, 11, 13, 16, and 18 of the '047 patent.

44.     In particular, Overstock's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities.  On information and belief, Overstock has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Overstock has had actual knowledge of the '047 patent and that its acts were inducing infringement of the '047 patent since at least the time of receiving this Complaint.

45.     Upon information and belief, Overstock is liable as a contributory infringer of the '047 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States Internet business transaction technology to be especially made or adapted for use in an infringement of the '047 patent.  The Accused Instrumentalities are material components for use in practicing the '047 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

46.     On information and belief, Overstock's infringement has been and continues to be willful.

47.     CTP has been harmed by Overstock's infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,775,255

48.     The allegations set forth in the foregoing paragraphs 1 through 47 are incorporated into this Third Claim for Relief.

49.     On July 8, 2014, the '255 patent, entitled "Internet Business Transaction Processor" was duly and legally issued by the United States Patent and Trademark Office.

50.     CTP is the assignee and owner of the right, title and interest in and to the '255 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

51.     Upon information and belief, Overstock has and continues to directly infringe at least claims 1, 2, 5, 15, 16, 17, 20, 22, 23, 26, 29, 35, 37, 40, 41, 48, 51, 52, and 53 of the '255 patent by making, using, providing, and/or causing to be used products, specifically the Overstock.com website and Overstock Marketplace (the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibits C-1 through C-3.

52.     The Accused Instrumentalities infringed and continue to infringe claims 1, 2, 5, 15, 16, 17, 20, 22, 23, 26, 29, 35, 37, 40, 41, 48, 51, 52, and 53 of the '255 patent during the pendency of the '255 patent.

53.     Overstock was made aware of the '255 patent and its infringement thereof at least as early as the filing of this Complaint.

54.     Upon information and belief, since at least the time of receiving this Complaint, Overstock has induced and continues to induce others to infringe at least claims 1, 2, 5, 15, 16, 17, 20, 22, 23, 26, 29, 35, 37, 40, 41, 48, 51, 52, and 53 of the '255 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Overstock's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 2, 5, 15, 16, 17, 20, 22, 23, 26, 29, 35, 37, 40, 41, 48, 51, 52, and 53 of the '255 patent.

55.     In particular, Overstock's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities.  On information and belief, Overstock has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Overstock has had actual knowledge of the '255 patent and that its acts were inducing infringement of the '255 patent since at least the time of receiving this Complaint.

56.     Upon information and belief, Overstock is liable as a contributory infringer of the '255 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States Internet business transaction technology to be especially made or adapted for use in an infringement of the '255 patent.  The Accused Instrumentalities are material components for use in practicing the '255 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

57.     On information and belief, Overstock's infringement has been and continues to be willful.

58.     CTP has been harmed by Overstock's infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,712,846

59.     The allegations set forth in the foregoing paragraphs 1 through 58 are incorporated into this Fourth Claim for Relief.

60.     On April 29, 2014, the '846 patent, entitled "Sending Targeted Product Offerings Based on Personal Information" was duly and legally issued by the United States Patent and Trademark Office.

61.     CTP is the assignee and owner of the right, title and interest in and to the '846

patent, including the right to assert all causes of action arising under said patents and the right to

any remedies for infringement of them.

62.     Upon information and belief, Overstock has and continues to directly infringe at

least claims 1, 2, 3, 4, 9, 10, 11, 12, 16, 17, 18, and 19 of the '846 patent by making, using,

providing, and/or causing to be used products, specifically the Overstock.com website and

Overstock Marketplace (the "Accused Instrumentalities"), as set forth in detail in the attached

preliminary and exemplary claim charts provided in Exhibits D-1 through D-3.

63.     The Accused Instrumentalities infringed and continue to infringe claims 1, 2, 3, 4,

9, 10, 11, 12, 16, 17, 18, and 19 of the '846 patent during the pendency of the '846 patent.

64.     Overstock was made aware of the '846 patent and its infringement thereof at least

as early as the filing of this Complaint.

65.     Upon information and belief, since at least the time of receiving this Complaint,

Overstock has induced and continues to induce others to infringe at least claims 1, 2, 3, 4, 9, 10,

11, 12, 16, 17, 18, and 19 of the '846 patent under 35 U.S.C. § 271(b) by, among other things,

and with specific intent or willful blindness, actively aiding and abetting others to infringe,

including but not limited to Overstock's partners and customers, whose use of the Accused

Instrumentalities constitutes direct infringement of at least claims 1, 2, 3, 4, 9, 10, 11, 12, 16, 17,

18, and 19 of the '846 patent.

66.     In particular, Overstock's actions that aid and abet others such as their partners

and customers to infringe include distributing the Accused Instrumentalities and providing

materials and/or services related to the Accused Instrumentalities.  On information and belief,

Overstock has engaged in such actions with specific intent to cause infringement or with willful

blindness to the resulting infringement because Overstock has had actual knowledge of the '846 patent and that its acts were inducing infringement of the '846 patent since at least the time of receiving this Complaint.

67.     Upon information and belief, Overstock is liable as a contributory infringer of the '846 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States Internet business transaction technology to be especially made or adapted for use in an infringement of the '846 patent.  The Accused Instrumentalities are material components for use in practicing the '846 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

68.     On information and belief, Overstock's infringement has been and continues to be willful.

69.     CTP has been harmed by Overstock's infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,396,743

70.     The allegations set forth in the foregoing paragraphs 1 through 69 are incorporated into this Fifth Claim for Relief.

71.     On March 12, 2013, the '743 patent, entitled "Sending Targeted Product Offerings Based on Personal Information" was duly and legally issued by the United States Patent and Trademark Office.

72.     CTP is the assignee and owner of the right, title and interest in and to the '743 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

73.     Upon information and belief, Overstock has and continues to directly infringe at least claims 1, 4, 8, 11, 14, 15, and 18 of the '743 patent by making, using, providing, and/or causing to be used products, specifically the Overstock.com website and Overstock Marketplace

(the "Accused Instrumentalities"), as set forth in detail in the attached preliminary and exemplary claim charts provided in Exhibits E-1 through E-3.

74.     The Accused Instrumentalities infringed and continue to infringe claims 1, 4, 8, 11, 14, 15, and 18 of the '743 patent during the pendency of the '743 patent.

75.     Overstock was made aware of the '743 patent and its infringement thereof at least as early as the filing of this Complaint.

76.     Upon information and belief, since at least the time of receiving this Complaint, Overstock has induced and continues to induce others to infringe at least claims 1, 4, 8, 11, 14, 15, and 18 of the '743 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Overstock's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 1, 4, 8, 11, 14, 15, and 18 of the '743 patent.

77.     In particular, Overstock's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Instrumentalities and providing materials and/or services related to the Accused Instrumentalities.  On information and belief, Overstock has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Overstock has had actual knowledge of the '743 patent and that its acts were inducing infringement of the '743 patent since at least the time of receiving this Complaint.

78.     Upon information and belief, Overstock is liable as a contributory infringer of the '743 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States Internet business transaction technology to be especially made or adapted for use in an infringement of the '743 patent.  The Accused Instrumentalities are material components for use

in practicing the '743 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

79.     On information and belief, Overstock's infringement has been and continues to be willful.

80.     CTP has been harmed by Overstock's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CTP demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, CTP demands judgment for itself and against Overstock as follows:

A.     An adjudication that Overstock has infringed the '956, '047, '255, '846, and '743 patents;

B.     An award of damages to be paid by Overstock adequate to compensate CTP for Overstock's past infringement of the patents in suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CTP's reasonable attorneys' fees; and

D.     An award to CTP of such further relief at law or in equity as the Court deems just and proper.

Dated: March 15, 2019

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*

Timothy Devlin (No. 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com

*Attorneys for Plaintiff*
*Consolidated Transaction Processing LLC*